IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY POLATIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:10-cr-364<br><br>Judge Clark Waddoups |

Before the court is Defendant Kelly Polatis's motion for early termination of supervised release. (ECF No. 389.) On May 21, 2023, Mr. Polatis pled guilty to counts of using interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958(a).[1] (*See* Minute Entry, ECF No. 346.) The court later sentenced Mr. Polatis, on July 9, 2013, to 188 months in Bureau of Prisons custody and 36 months of supervised release. (*See* Judgment, ECF No. 357.) Mr. Polatis completed his term of imprisonment and began his term of supervised release on or around October 14, 2022. Mr. Polatis, therefore, has been on supervised release for approximately 18 months.

The court has discretion to terminate a term of supervised release, after considering

---

[1] Mr. Polatis had previously been convicted by a jury of thirteen counts relating to a murder-for-hire plot, but the court set aside that conviction and ordered the government to reoffer a previously proposed settlement agreement that Mr. Polatis accepted. (*See* Mem. Dec. and Order Compelling Reoffer of Plea Agreement, ECF No. 339.)

specified factors set forth in 18 U.S.C. § 3553(a),[2] if "it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice." 18 U.S.C. 3583(e)(1). Mr. Polatis argues that early termination of his supervised release is appropriate because he has completed all the courses probation has to offer him and will help to facilitate visits with his family. Mr. Polatis also contends that early termination will assist him in growing his business by allowing him to travel abroad.

A supervisory report from Mr. Polatis's probation officer indicates that Mr. Polatis has done well on supervised release. He has passed all random monthly urinalysis tests during the term of his supervised release to date, has obtained stable employment, and has not committed any violations of the conditions of his release. The probation office does not take a position on whether Mr. Polatis's request for early termination should be granted.

The government objects to granting early termination of Mr. Polatis's supervised release. (ECF No. 391.) While the government acknowledges that Mr. Polatis appears to be doing well on supervised release, it contends that Mr. Polatis has failed to show that there is a substantial basis for terminating supervised release at this time. (*Id*. at 4.) It asserts that Mr. Polatis's desire to travel abroad can be accommodated, if appropriate, without terminating supervised release and that, given the severity of Mr. Polatis's offense, terminating supervised release at this time would be premature. (*Id*.)

Having considered the relevant factors set forth in Section 3553(a), the court concludes that early termination of supervised release is not appropriate. The court commends Mr. Polatis on

---

[2] Specifically, the court is directed to consider factors set forth in Section 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e)(1).

his conduct while on supervised release and efforts to improve his life and that of his family. Given the serious nature and circumstances of Mr. Polatis's crimes, however, which included making plans to hire a hitman to kill five people, including four individuals that he believed would testify against him in another federal prosecution brought in another district, (*see* Statement in Advance of Plea at ¶ 12, ECF No. 347), early termination of supervised release would not be in the interest of justice.

The court is willing, however, to grant leave for Mr. Polatis to travel as appropriate for his business and family upon submission and approval of an itinerary by Mr. Polatis's probation officer.

Accordingly, after taking all relevant § 3553(a) factors into consideration, and for the reasons stated herein, the court denies Mr. Polatis's motion for early termination of supervised release. (ECF No. 389.)

DATED this 24th day of April, 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Court

3